IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KAWIKA K. AH QUIN, | ) | CIV. NO. 14-00230 JMS/KSC |
|---|---|---|
| Petitioner/Plaintiff, | ) | ORDER OF REMAND |
| vs. | ) | |
| STATE OF HAWAII, | ) | |
| Respondent/Defendant. | ) | |

## ORDER OF REMAND

On May 15, 2014, Defendant State of Hawaii removed this action from the Circuit Court of the First Circuit, State of Hawaii ("state circuit court") asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a). *See* Notice of Removal, Doc. No. 1. For the following reasons, the court REMANDS this action to the state circuit court for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 16, 2014, Petitioner/Plaintiff Kawika K. Ah Quin, a prisoner confined at the Saguaro Correctional Center ("SCC") in Eloy, Arizona, filed a special prisoner proceeding under Rule 40(2)(3) of the Hawaii Rules of Penal Procedure ("HRPP") in the state circuit court. *See* Compl., Doc. No. 1-1. Plaintiff named the State of Hawaii as Respondent/Defendant, verified his claims under

penalty of perjury pursuant to 28 U.S.C. § 1746, and alleged that he is "one of many Undersigned Petitioners-Plaintiffs in 'Petition To Change And Correct The Conditions of Confinement Of AD. SEG. At S.C.C.'" *Id.* Plaintiff's entire statement of a claim is: "That I am amongst numerous Hawai`i Prisoners that are victims of CCA-Saguaro Correctional Centers (SCC) unconstitutional Administrative Segregations ("Ad. Seg.") Conditions of Confinement." *Id.*

On April 21, 2014, the state circuit court determined that Plaintiff was not challenging his conviction or sentence, but rather, was challenging the conditions of confinement at SCC. The state circuit court directed the state court clerk to process Plaintiff's documents as a civil proceeding under Civ. No. 14-1-0986-04 KKS, and serve Defendant.

On or about May 9, 2014, Plaintiff and eighteen other SCC inmates submitted the previously referenced "Petition To Change And Correct The Conditions of Confinement of Administrative Segregation at CCA-Saguaro Correctional Center." Pet., Doc. No. 8-11. This document details the injuries Plaintiff and the other inmates allegedly suffered while incarcerated in the SCC Administrative Segregation Unit. Plaintiff also submitted a "Conditions of Confinement Comparison," comparing conditions in SCC's Administrative Segregation Unit with conditions in SCC's general population. Doc. No. 8-12.

On May 15, 2014, Defendant removed Plaintiff's initiating documents to this court. *See* Doc. Nos. 1-1, 1-2, 1-3, 1-4. On May 20, 2014, Defendant moved to stay all proceedings in this action until the court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a). Doc. No. 6. The court granted Defendant's motion on May 21, 2014. Doc. No. 7. On May 21, 2014, the state circuit court transmitted all documents from state Civ. No. 14-1-0986-04 KKS to this court. *See* Doc. Nos. 8, 8-1 to 8-24.

## II. **REMOVAL JURISDICTION**

The removal statute is strictly construed against removal, and the party seeking removal bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Removal is only proper when the district court has original jurisdiction; that is, the removed claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Additionally, the

well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

While a plaintiff may defeat removal by choosing not to plead any federal claims, *Caterpillar Inc.*, 482 U.S. at 399, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 981 (9th Cir. 1997) (stating that a plaintiff "may not avoid federal jurisdiction by omitting from his complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law"). Conversely, a state law claim is not transformed into a federal cause of action merely because a complaint references federal law. *Easton*, 114 F.3d at 982.

### III.  **DISCUSSION**

Plaintiff does not assert that his challenge to the conditions of confinement at SCC arise under the United States Constitution, laws, or treaties of the United States. He does not cite to the United States Constitution or to federal

4

law in his Complaint/Petition. Rather, Plaintiff states that the conditions of confinement at SCC are "unconstitutional" and names only the State of Hawaii as Defendant/Respondent, suggesting he refers to the Hawaii State Constitution, rather than to the United States Constitution.

Plaintiff's constitutional claims are not created exclusively under the United States Constitution or federal law, nor are they preempted by federal law. That is, rights created under the Hawaii Constitution are complementary to, and may be more protective than, those granted under the federal constitution. *Cf. State v. Aplaca*, 74 Haw. 54, 67 n.2, 837 P.2d 1298, 1305 n.2 (1992) (explaining that Hawaii defendants are "clearly afforded greater protection of their right to effective assistance of counsel" under the Hawaii Constitution than under the United States Constitution as enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)). There is, therefore, no reason why Plaintiff cannot tailor his Complaint to allege only state constitutional claims. Plaintiff is master of his own complaint; he may choose where to file it and to forgo a federal cause of action. While Plaintiff refers to 28 U.S.C. § 1746 in attesting to the veracity of his declaration, this simple reference does not transform his claims into a federal cause of action. *See Easton*, 114 F.3d at 982. Plaintiff has pled neither any federal claims nor any necessary federal questions.

Plaintiff is proceeding *pro se* and his filings must be afforded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). As a pro se litigant, the court "affords [plaintiff] the benefit of any doubt." *Hebbe*, 627 F.3d at 342. That benefit presupposes that Plaintiff intended to file a suit in the Hawaii state court under Hawaii state law. Further, this court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Nor should courts "infer in one cause of action when a complaint clearly states a claim under a different cause of action;" instead, courts should review a complaint as it is pled. *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999). Plaintiff is "master to decide what law he will rely upon." *Id.* This court will not infer a federal cause of action where none is apparent on the face of the Complaint.

Federal question jurisdiction is presumed absent unless the party seeking removal shows that the plaintiff has either alleged: (1) a federal claim, (2) a state cause of action that requires resolution of a substantial issue of federal law, or (3) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field. *See Homesales, Inc. v. Frierson*, 2009 WL 365663, at *2 (C.D. Cal. Feb. 11, 2009) (citations omitted). Defendant's

documents fail to show that removal is proper. Based on its review of the Complaint, this court determines *sua sponte* that it lacks subject matter jurisdiction over Plaintiff's claims and that the case should be remanded. *See* 28 U.S.C. § 1447(c); *see also Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) ("[I]t is well established that district courts may address questions of subject matter jurisdiction sua sponte.") (citation omitted). If Plaintiff later attempts to assert federal claims, Defendants may again remove this action to the federal court. *See* 28 U.S.C. § 1446(b)(3).

## IV. **CONCLUSION**

This action is REMANDED to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ah Quin v. State of Hawaii,* No.1:14-cv-00230 JMS/DMP, ORDER OF REMAND; C:\Users\npassamaneck\AppData\Local\Temp\notes843E20\AhQuin 14-230 jms (rmd).wpd